DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Ronald R. Pflug, Sr., appeals from a judgment entered against him by the Ottawa County Court of Common Pleas. For the reasons that follow, we affirm the judgment of the trial court. *Page 2 
 {¶ 2} On July 27, 2005, appellant was convicted on a charge of sexual battery arising from appellant's sexual conduct with his 17-year old mentally-retarded stepdaughter. On April 27, 2007, this court affirmed that conviction.
 {¶ 3} Appellant was sentenced to serve a prison term of three years. In August 2006, he was granted judicial release. Among the conditions of his community control was that he complete a sex offender treatment program. The treatment program requires that appellant divulge his entire sexual history and take a polygraph examination based on those revelations. In addition, the program requires that appellant sign a confidentiality waiver authorizing "a full and complete disclosure to law enforcement agencies" of all information, including, but not limited to, the offender's complete file, any and all disclosures he might make, and any and all information related to the offender's diagnosis or prognosis.
 {¶ 4} Appellant filed a motion in the trial court seeking modification of the conditions of his community control on the grounds that his compelled participation in the treatment program was violative of his constitutional right to remain silent. The trial court denied appellant's motion, finding that a privilege exists with respect to appellant's treatment. Appellant timely appealed the trial court's decision, raising the following assignment of error:
 I. "THE TRIAL COURT ERRED IN FAILING TO STRIKE [THAT] PORTION OF APPELLANT'S TERMS OF PROBATION THAT VIOLATE HIS RIGHT TO REMAIN SILENT SECURED TO HIM *Page 3 
BY THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSITUTION."
 {¶ 5} Although a trial court has broad discretion in imposing probation conditions, those conditions "`cannot be overly broad so as to unnecessarily impinge on the probationer's liberty.'" State v.Thompson, 150 Ohio App.3d 641, 2002-Ohio-7098, ¶ 13, citing State v.Jones (1990), 49 Ohio St.3d 51, 52. In addition, the conditions imposed are to be related to the circumstances of the offense. In re D.S.,111 Ohio St.3d 361, 2006-Ohio-5851, ¶ 16.
 {¶ 6} In the instant case, there was testimony by sex abuse treatment provider, Mary Kay Baumgartner, that the polygraph is used as a clinical tool to help determine the extent of a sex offender's problem and, therefore, helps in formulating the most effective treatment plan. Without the polygraph, Baumgartner explained, "it can take us a long time to get to * * * the full extent of a person's problem[,] if we ever do." In this case, where appellant is an untreated sexual offender, at large in the community, and whose intent it is to one day be reunited with his victim stepdaughter and her mother, appellant's spouse, we conclude that the treatment program, including the polygraph requirement, is reasonably related to the circumstances of appellant's offense.
 {¶ 7} The question now becomes whether appellant can constitutionally be compelled to answer questions about his sexual history that may be posed to him during treatment. *Page 4 
 {¶ 8} The Fifth Amendment to the United States Constitution relevantly provides that no person "shall be compelled in any criminal case to be a witness against himself." Minnesota v. Murphy (1984), 465 U.S. 420, 426. This prohibition not only allows a person to refuse to testify against himself at a criminal trial in which he is a defendant, but also "`privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings.'"Murphy, supra, citing Lefkowitz v. Turley (1973), 414 U.S. 70, 77. In such instances, "a witness protected by the privilege may rightfully refuse to answer unless and until he is protected at least against the use of his compelled answers and evidence derived therefrom in any subsequent criminal case in which he is a defendant. * * * Absent such protection, if he is nevertheless compelled to answer, his answers are inadmissible against him in a later criminal prosecution." Lefkowitz v.Turley, supra, at 78.
 {¶ 9} The law further provides that, "a State may not impose substantial penalties because a witness elects to exercise hisFifth Amendment right * * *." Lefkowitz v. Cunningham (1977), 431 U.S. 801,805. Thus, a state may not assert that invocation of the privilege would lead to revocation of probation. Murphy, supra, at 435. On the other hand, "a state may validly insist on answers to even incriminating questions and hence sensibly administer its probation system, as long as it recognizes that the required answers may not be used in a criminal proceeding and thus eliminates the threat of incrimination." Id. *Page 5 
 {¶ 10} The Supreme Court of Ohio, itself, has recently held that "[t]he Fifth Amendment prohibits compelling a person on community control who claims privilege to give answers that might incriminate him in future criminal proceedings." In re D.S., 111 Ohio St.3d 361,2006-Ohio-5851, ¶ 19, citing Minnesota v. Murphy (1984), 465 U.S. 420,426.
 {¶ 11} In the instant case, because neither the requirement for disclosure of appellant's sexual history nor the polygraph eliminates appellant's rights against self-incrimination, unless and until appellant is granted protection against the use of any compelled answers, appellant may assert those rights — without reprisal — before giving answers that might incriminate him.
 {¶ 12} As with the defendant in In re D.S., appellant does not allege that he has in fact been compelled to answer incriminating questions, or that a claim of privilege would necessarily be disregarded by the court or by probation examiners. Because, at this point, appellant can only speculate as to future constitutional violations, appellant's assignment of error is found not well-taken.[1]
 {¶ 13} The judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for *Page 6 
the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., William J. Skow, J., CONCUR.
[1] We note that appellant, like the defendant in In re D.S., "may challenge as inadmissible in any future criminal proceeding, including at a hearing on an alleged community control violation, any incriminating statement he may have been compelled to make in response to a polygraph test question." See, In re D.S., supra, at ¶ 19. *Page 1